## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WISCONSIN

**DEBORAH WALLIS**
**Individually and on behalf of**
**all others similarly situated,**

**and**

**TIANNA NEAL**
**Individually and on behalf of**
**all others similarly situated,**

      **Plaintiffs,**

    **v.**                            **Case No.: 21-CV-290**

**CTI, LLC d.b.a CUSTOMER TRAAC, LLC,**

**and**

**CSS CORPORATION,**

      **Defendants.**

## COLLECTIVE AND CLASS ACTION COMPLAINT

### PRELIMINARY STATEMENT

1.    This is a collective and class action brought by Plaintiffs Deborah Wallis, Tianna Neal (hereinafter collectively as "Named Plaintiffs") individually and on behalf of the members of the proposed classes identified below. Plaintiff and the putative class members are, or were, hourly employees working at Defendant, CTI, LLC d.b.a Customer Traac, LLC., (hereinafter "Customer Traac") and CSS

Corporation (hereinafter "CSS") (hereinafter collectively as ("Defendants") at times since April 29, 2018.

2.      Since that time, Defendants have had common policies and practices of failing to pay employees for all breaks of less than thirty (30) minutes, during their respective shifts. As a result of these policies and practices, Defendants have denied Named Plaintiffs and the putative class members of pay for all hours worked in excess of forty in given workweeks at the applicable overtime premium rate mandated by the Fair Labor Standards Act of 1938, as amended ("FLSA"), Wisconsin law, and Minnesota law. In addition, Defendants have violated Wisconsin law for Plaintiff Wallis, the Wisconsin Class, Plaintiff Neal, and the Minnesota Class by failing to pay them at their agreed-upon wages for all hours worked.

3.      Plaintiff Wallis bring this action, individually and on behalf of other similarly situated current and former hourly employees, as a collective action pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA") for the purpose of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

4.      Plaintiff Wallis also brings this action, individually and on behalf of the Wisconsin Class identified below, pursuant to Fed. R. Civ. P. 23 for purposes of obtaining relief under Wisconsin's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

5.      Plaintiff Neal also brings this action, individually and on behalf of the Minnesota Class identified below, pursuant to Fed. R. Civ. P. 23 for purposes of obtaining relief under Minnesota's wage laws for unpaid overtime compensation, unpaid agreed-upon wages, civil penalties, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

## JURISDICTION AND VENUE

6.      This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. §1331, this action being brought under the FLSA, 29 U.S.C. §201, et seq.

7.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367, as they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

8.      Venue is proper pursuant to 28 U.S.C. §1391(b) and (c) in the U.S. District Court for the Western District of Wisconsin because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendants have substantial and systematic contacts in this district.

## PARTIES

9.      Defendant Customer Traac is a Foreign Business Corporation with a principal place of business located in Plymouth, Minnesota and a call center in Eau Claire, Wisconsin. Customer Traac does not have a registered agent for process, but its corporate offices are located in Plymouth, Minnesota.

10.     Defendant CSS Corporation is a Foreign Business Corporation with a principal place of business in Milpitas, California.

11.     Plaintiff Wallis is an adult resident of Eau Claire County in the State of Wisconsin. Plaintiff Wallis is a current employee of Defendants who works as an hourly customer service representative at Defendants' Call Center since June 12, 2019. Plaintiff Wallis's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A to this Complaint and is incorporated herein.

12.     Plaintiff Wallis brings this action individually and on behalf of the FLSA Collective Class as authorized under the FLSA, 29 U.S.C. § 216(b). The FLSA Collective Class is defined as follows:

> All persons who are or have been employed by Customer Traac and/or CSS as hourly employees at any time since April 29, 2018.

13.     Plaintiff Wallis brings this action individually and on behalf of the Wisconsin Class pursuant to FED. R. CIV. P. 23. The Wisconsin Class is defined as follows:

> All persons who are or have been employed by Customer Traac and/or CSS as hourly employees in the State of Wisconsin at any time since April 29, 2019.

14.     Plaintiff Neal is an adult resident of Ramsey County in the State of Minnesota. Plaintiff Neal is a former employee of Defendants who worked as an hourly customer service representative at Defendants' Roseville Call Center between around September 20, 2019 and August of 2020. Plaintiff Neal's Notice of

Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit B to this Complaint and is incorporated herein.

15.     Plaintiff Neal brings this action individually and on behalf of the Minnesota Class pursuant to Fed. R. Civ. P. 23. The Minnesota Class is defined as follows:

> All persons who are or have been employed by
> Customer Traac and/or CSS as hourly employees in
> the State of Minnesota since April 29, 2018.

16.     The Wisconsin Class, Minnesota Class, and FLSA Collective Class are hereinafter referred to collectively as the "Classes."

## GENERAL ALLEGATIONS

17.     Customer Traac is a business development company, specializing in inbound and outbound call management, with  call centers located throughout the country, including in Wisconsin.

18.     Upon information and belief, in 2020, CSS acquired Customer Traac.

19.     Defendants have done at least $500,000.00 of gross business in each year since 2018.

20.     Defendants have employed Plaintiff Wallis and the FLSA Collective Class as hourly employees at its call centers at all times since April 29, 2018.

21.     Defendants have employed Plaintiff Wallis, Plaintiff Neal and the Classes as hourly employees at its various locations at times since April 29, 2018.

22.    Defendants agreed to pay Plaintiff Wallis, Plaintiff Neal, and the Classes at a set hourly rate in exchange for all their hours worked at times since April 29, 2018.

23.    Since April 29, 2018, Defendants have had a common policy and practice of requiring Plaintiffs Wallis and Neal and the Classes to track their time through a timekeeping system for purposes of recording hours worked.

24.    Since April 29, 2018, Defendants have had a common policy and practice of failing to pay Plaintiffs Wallis and Neal and the Classes for all breaks and meal periods of less than thirty (30) minutes.

25.    Since April 29, 2018, Defendants have suffered or permitted Plaintiffs Wallis and Neal and the Classes to work in excess of forty hours per workweek while performing their job duties for Defendants.

26.    As a result of Defendants' common policy and practice of not compensating Named Plaintiffs and the Classes for all breaks of less than thirty (30) minutes, Defendants have failed to compensate Plaintiffs Wallis and Neal and the Classes for all hours worked since April 29, 2018 – including hours worked in excess of forty hours per workweek – in violation of the FLSA, Wisconsin, and Minnesota law.

27.    Defendants' conduct, as set forth in this complaint, was willful, dilatory, unjust, and in bad faith, and has caused significant damages to Plaintiff Wallis, the Wisconsin Class, Plaintiff Neal, the Minnesota Class, and the FLSA Collective Class.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

28.     Plaintiff Wallis and the FLSA Collective Class are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to Defendants' common decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked in excess of forty hours in a workweek. The claims of Plaintiff Wallis as stated herein are the same as those of the FLSA Collective Class.

29.     Plaintiff Wallis and the FLSA Collective Class seek relief on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to pay employees for all hours worked in excess of forty in a given workweek at one and one-half times their respective regular rates of pay.

30.     The FLSA Section 216(b) FLSA Collective Class' members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from Defendants. Notice can be provided to the FLSA Collective Class via first class mail, email, and/or text messages to the last known contact information to Defendants and through posting at Defendants facilities in areas where postings are normally made.

## RULE 23 CLASS ALLEGATIONS – WISCONSIN

31.     Plaintiff Wallis brings her Wisconsin state law claims, pursuant to Wisconsin wage laws, under FED. R. CIV. P. 23 on behalf of the Wisconsin Class for violations occurring on or after April 29, 2019 (the "Wisconsin Class Period").

32.     The proposed Wisconsin Class members are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are over 40 members in the Wisconsin Class.

33.     Plaintiff Wallis' claims are typical of those claims that could be alleged by any member of the Wisconsin Class, and the relief sought is typical of the relief that would be sought by each member of the Wisconsin Class in separate actions. The alleged claims arise out of the same corporate practices and/or policies of Defendants and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the respective Wisconsin Class. Plaintiff Wallis and the other members of the Wisconsin Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

34.     Plaintiff Wallis is able to fairly and adequately protect the interests of the Wisconsin Class, has no interests antagonistic to the Wisconsin Class, and has retained counsel experienced in complex wage and hour class action litigation.

35.     There are questions of fact and law common to the Wisconsin Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants' actions include, without limitation, the following:

a)      Whether Defendants failed to pay Plaintiff Wallis and the
        Wisconsin Class for all breaks less than thirty minutes in length
        as required by Wisconsin's wage laws;

b)      Whether Defendants failed to pay Plaintiff Wallis and Wisconsin
        Class for all work Defendants suffered or permitted them to
        perform as required by Wisconsin's wage laws; and

c)      The nature and extent of class-wide injury and the measure of
        damages for the injury.

36.     A class action is superior to any other available methods for the fair

and efficient adjudication of the controversy, particularly in the context of wage and

hour litigation where individual plaintiffs lack the financial resources to vigorously

prosecute separate lawsuits in federal court against a corporate defendant,

particularly those plaintiffs with relatively small claims.

37.     The questions set forth above predominate over any questions that

affect only individual persons, and a class action is superior with respect to

considerations of consistency, economy, efficiency, fairness, and equity, to other

available methods for the fair and efficient adjudication of the claims.

## RULE 23 CLASS ALLEGATIONS – MINNESOTA

1.      Plaintiff Neal brings her Minnesota state law claims, pursuant to

Minnesota wage laws, under FED. R. CIV. P. 23 on behalf of the Minnesota Class

for violations occurring on or after April 29, 2019 (the "Minnesota Class Period").

2.      The proposed Minnesota Class members are so numerous that joinder

of all members is impracticable, and more importantly the disposition of their

claims as a class will benefit the parties and the Court. Although the precise

number of such persons is unknown, and the facts on which the calculation of that

number are presently within the sole control of Defendants, upon information and belief, there are over 40 members in the Minnesota Class.

3.      Plaintiff Neal's claims are typical of those claims that could be alleged by any member of the Minnesota Class, and the relief sought is typical of the relief that would be sought by each member of the Minnesota Class in separate actions. The alleged claims arise out of the same corporate practices and/or policies of Defendants and Defendants benefited from the same type of unfair and/or wrongful acts as to each member of the respective Minnesota Class. Plaintiff Neal and the other members of the Minnesota Class sustained similar losses, injuries, and damages arising from the same unlawful policies, practices, and procedures.

4.      Plaintiff Neal is able to fairly and adequately protect the interests of the Minnesota Class, has no interests antagonistic to the Minnesota Class, and has retained counsel experienced in complex wage and hour class action litigation.

5.      There are questions of fact and law common to the Minnesota Class that predominate over any questions affecting only individual members. The questions of law and fact common to the class arising from Defendants actions include, without limitation, the following:

  a)   Whether Defendants failed to pay Plaintiff Neal and the
       Minnesota Class for all breaks less than twenty (20) minutes in
       length as required by Minnesota's wage laws;

  b)   Whether Defendants failed to pay Plaintiff Neal and Minnesota
       Class for all work Defendants suffered or permitted them to
       perform as required by Minnesota's wage laws; and

  c)   The nature and extent of class-wide injury and the measure of
       damages for the injury.

6.     A class action is superior to any other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against a corporate defendant, particularly those plaintiffs with relatively small claims.

7.     The questions set forth above predominate over any questions that affect only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the claims.

## FIRST CLAIM FOR RELIEF
Violations of the Fair Labor Standards Act of 1938 as Amended – Unpaid Rest Breaks

1.     Plaintiff Wallis, individually and on behalf of the FLSA Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

2.     Since April 29, 2018, Plaintiff Wallis and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 et. seq.

3.     Since April 29, 2018, Defendants have been and continue to be enterprises engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

4.     At times since April 29, 2018, Plaintiff Wallis and the members of the FLSA Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

5.      At times since April 29, 2018, Defendants have been an employer of Plaintiff Wallis and the FLSA Collective Class as provided under 29 U.S.C. § 203(d).

6.      Since April 29, 2018, Defendants have violated the FLSA by failing to pay rest breaks, in violation of 29 CFR § 785.18, due to Plaintiff Wallis and the FLSA Collective Class for each hour worked in in any given workweek as a result of deducting compensable breaks from their hours worked.

7.      Plaintiff Wallis and the FLSA Collective Class are entitled to damages equal to their pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

8.      Defendants' failure to properly compensate Plaintiff Wallis and the FLSA Collective Class was willfully perpetrated and Plaintiff Wallis and the FLSA Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

9.      Alternatively, should the Court find that Defendants did not act willfully in failing to pay wages for rest periods, Plaintiff Wallis and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

10.     Pursuant to 29 U.S.C. §216(b), Plaintiff Wallis and the FLSA Collective Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action.

## SECOND CLAIM FOR RELIEF
Violations of the Fair Labor Standards Act of 1938 as Amended – Unpaid Overtime Wages

11.     Plaintiff Wallis, individually and on behalf of the FLSA Collective Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

12.     Since April 29, 2018, Plaintiff Wallis and the FLSA Collective Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 et. seq.

13.     Since April 29, 2018, Defendants have been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

14.     At times since April 29, 2018, Plaintiff Wallis and the members of the FLSA Collective Class have been employees within the meaning of 29 U.S.C. § 203(e).

15.     At times since April 29, 2018, Defendants have been an employer of Plaintiff Wallis and the FLSA Collective Class as provided under 29 U.S.C. § 203(d).

16.     Since April 29, 2018, Defendants have violated the FLSA by failing to pay overtime compensation due to Plaintiff Wallis and the FLSA Collective Class for each hour worked in excess of forty hours in any given workweek as a result of deducting compensable breaks from their hours worked.

17.     Plaintiff Wallis and the FLSA Collective Class are entitled to damages equal to mandated overtime premium pay for all hours worked within the three years prior to the filing of this Complaint, plus periods of equitable tolling because Defendants acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

18.     Defendants' failure to properly compensate Plaintiff Wallis and the FLSA Collective Class was willfully perpetrated and Plaintiff Wallis and the FLSA Collective Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to 29 U.S.C. § 216(b).

19.     Alternatively, should the Court find that Defendants did not act willfully in failing to pay overtime premium wages, Plaintiff Wallis and the FLSA Collective Class are entitled to an award of pre-judgment interest at the applicable legal rate.

20.     Pursuant to 29 U.S.C. §216(b), Plaintiff Wallis and the FLSA Collective Class are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting this action.

### THIRD CLAIM FOR RELIEF
Violations of Wisconsin Law – Unpaid Overtime Wages

21.     Plaintiff Wallis, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

22.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 et seq.

23.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 et seq.

24.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.01 et seq.

25.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 et seq.

26.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 et seq.

27.     Since April 29, 2019, Defendants have been employers within the meaning of Wis. Stat. §§ 109.01 et seq.

28.     Since April 29, 2019, Defendants have been employers within the meaning of Wis. Stat. §§ 103.001 et seq.

29.     Since April 29, 2019, Defendants has been employers within the meaning of Wis. Stat. §§ 104.01 et seq.

30.     Since April 29, 2019, Defendants have been employers within the meaning of Wis. Admin. Code §§ DWD 272.001 et seq.

31.     Since April 29, 2019, Defendants have been employers within the meaning of Wis. Admin. Code §§ DWD 274.01 et seq.

32.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 et seq.

33.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 et seq.

34.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 et seq.

35.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 et seq.

36.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 et seq.

37.     Since April 29, 2019, Defendants have had common policies of failing to compensate Plaintiff Wallis and the Wisconsin Class for all break periods of less than thirty (30) minutes.

38.     Since April 29, 2019, Defendants have had, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Wallis and the Wisconsin Class overtime wages for all hours worked in excess of forty hours in a given workweek due to its failure to pay Plaintiff Wallis and the Wisconsin Class for breaks lasting less than thirty minutes.

39.    Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

40.    The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of overtime wages.

41.    As set forth above, Plaintiff Wallis and the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendants' actions as alleged herein. Accordingly, Plaintiff Wallis, individually and on behalf of the Wisconsin Class, seek damages in the amount of their respective unpaid overtime compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

42.    Pursuant to Wis. Stat. §109.11, Plaintiff Wallis and the Wisconsin Class are entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

43.    Pursuant to Wis. Stat. §109.03(6), Plaintiff Wallis and the Wisconsin Class are entitled to recovery of their attorneys' fees and costs incurred in pursuing their claims for unpaid wages.

### **FOURTH CLAIM FOR RELIEF**
Violations of Wisconsin Law – Unpaid Agreed-Upon Wages

44.    Plaintiff Wallis, individually and on behalf of the Wisconsin Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

45.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 109.01 et seq.

46.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 103.001 et seq.

47.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Stat. §§ 104.01 et seq.

48.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 272.001 et seq.

49.     Since April 29, 2019, Plaintiff Wallis and the Wisconsin Class have been employees within the meaning of Wis. Admin. Code §§ DWD 274.01 et seq.

50.     Since April 29, 2019, Defendants have each been an employer within the meaning of Wis. Stat. §§ 109.01 et seq.

51.     Since April 29, 2019, Defendants have each been an employer within the meaning of Wis. Stat. §§ 103.001 et seq.

52.     Since April 29, 2019, Defendants have each been an employer within the meaning of Wis. Stat. §§ 104.01 et seq.

53.     Since April 29, 2019, Defendants have each been an employer within the meaning of Wis. Admin. Code §§ DWD 272.001 et seq.

54.     Since April 29, 2019, Defendants have each been an employer within the meaning of Wis. Admin. Code §§ DWD 274.01 et seq.

55.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Stat. §§ 109.01 et seq.

56.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Stat. §§ 103.001 et seq.

57.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Stat. §§ 104.01 et seq.

58.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 272.001 et seq.

59.     Since April 29, 2019, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Wis. Admin. Code §§ DWD 274.01 et seq.

60.     Since April 29, 2019, Defendants have failed to compensate Plaintiff Wallis and the Wisconsin Class for all break periods lasting less than thirty (30) minutes.

61.     Since April 29, 2019, Defendants have, and continues to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Wallis and the Wisconsin Class overtime wages for all hours worked in excess of forty hours in a given workweek due to its failure to

pay Plaintiff Wallis and the Wisconsin Class for all breaks lasting less than thirty (30) minutes.

62.    Wis. Stat. §109.03 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

63.    The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Wisconsin's law requiring the payment of agreed-upon wages.

64.    As set forth above, Plaintiff Wallis and the Wisconsin Class have sustained losses in their compensation as a proximate result of Defendants' actions as alleged herein. Accordingly, Plaintiff Wallis, individually and on behalf of the Wisconsin Class, seeks damages in the amount of their respective unpaid, agreed-upon wage compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

65.    Pursuant to Wis. Stat. §109.11, Plaintiff Wallis and the Wisconsin Class are entitled to liquidated damages equal and up to fifty percent of their unpaid wages.

66.    Pursuant to Wis. Stat. §109.03(6), Plaintiff Wallis and the Wisconsin Class are entitled to recovery of their attorneys' fees and costs incurred in pursuing their claims for unpaid wages.

## FIFTH CLAIM FOR RELIEF
Violations of Minnesota Law – Unpaid Overtime Wages

67.    Plaintiff Neal, individually and on behalf of the Minnesota Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

68.    Since April 29, 2018, Plaintiff Neal and the Minnesota Class have been employees within the meaning of Minn. Stat. §§ 177.25 et seq.

69.    Since April 29, 2018, Defendants have been employers within the meaning of Minn. Stat. §§ 177.25 et seq.

70.    Since April 29, 2018, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Minnesota Class within the meaning of Minn. Stat. §§ 177.25 et seq.

71.    Since April 29, 2018, Defendants have had common policies of failing to compensate Plaintiff Neal and the Minnesota Class for break periods of less than twenty (20) minutes as required within Minn. Stat. §177.253 and Minn. R. 5200.0120.

72.    Since April 29, 2018, Defendants have had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Neal and the Minnesota Class overtime wages for all hours worked in excess of forty-eight hours in a given workweek due to its failure to pay Plaintiff Neal and the Minnesota Class for all breaks lasting less than twenty (20) minutes.

73.    Minn. Stat. § 181.101 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

74.     The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Minnesota's law requiring the payment of overtime wages.

75.     The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Minnesota's law requiring the payment of overtime wages.

76.     As set forth above, Plaintiff Neal and the Minnesota Class have sustained losses in their compensation as a proximate result of Defendants' actions as alleged herein. Accordingly, Plaintiff Neal, individually and on behalf of the Minnesota Class, seeks damages in the amount of their respective unpaid overtime compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Minnesota laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

77.     Pursuant to Minn. Stat. §177.27(7), Plaintiff Neal and the Minnesota Class are entitled to liquidated damages equal their unpaid wages.

78.     Pursuant to Minn. Stat. §177.27(8), Plaintiff Neal and the Minnesota Class are entitled to recovery of their attorneys' fees and costs incurred in pursuing their claims for unpaid wages.

## SIXTH CLAIM FOR RELIEF
Violations of Minnesota Law – Unpaid Wages

79.     Plaintiff Neal, individually and on behalf of the Minnesota Class, re-alleges and incorporates by reference all preceding paragraphs as restated herein.

80.     Since April 29, 2018, Plaintiff Neal and the Minnesota Class have been employees within the meaning of Minn. Stat. §§ 177.25 et seq.

81.     Since April 29, 2018, Defendants have been employers within the meaning of Minn. Stat. §§ 177.25 et seq.

82.     Since April 29, 2018, Defendants have employed, and/or continues to employ, Plaintiff Wallis and the Wisconsin Class within the meaning of Minn. Stat. §§ 177.25 et seq.

83.     Since April 29, 2018, Defendants have had common policies of failing to compensate Plaintiff Neal and the Minnesota Class for all break periods of less than twenty (20) minutes as required within Minn. Stat. §177.253 and Minn. R. 5200.0120.

84.     Since April 29, 2018, Defendants have had, and continue to have, common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff Neal and the Minnesota Class earned wages for all hours worked in a given workweek due to its failure to pay Plaintiff Neal and the Minnesota Class for all breaks lasting less than twenty (20) minutes.

85.     Minn. Stat. § 181.101 requires payment of all wages earned by the employee to a day not more than 31 days prior to the date of payment.

86.     The foregoing conduct, as alleged above, constitutes continuing, willful, dilatory, and unjust violations of Minnesota's law requiring the payment of wages.

87.     As set forth above, Plaintiff Neal and the Minnesota Class have sustained losses in their compensation as a proximate result of Defendants' actions

as alleged herein. Accordingly, Plaintiff Neal, individually and on behalf of the Minnesota Class, seeks damages in the amount of their respective unpaid overtime compensation, injunctive relief requiring Defendants to cease and desist from its violations of the Minnesota laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.

88.   Pursuant to Minn. Stat. §177.27(7), Plaintiff Neal and the Minnesota Class are entitled to liquidated damages equal their unpaid wages.

89.   Pursuant to Minn. Stat. §177.27(8), Plaintiff Neal and the Minnesota Class are entitled to recovery of their attorneys' fees and costs incurred in pursuing their claims for unpaid wages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff Wallis, individually and on behalf of all members of the FLSA Collective Class and the Wisconsin Class hereby requests the following relief:

a)   At the earliest time possible, an order designating this action as a collective action on behalf of the FLSA Collective Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b)   At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Wisconsin Class;

c)   At the earliest time possible, an order certifying this action as a FED. R. CIV. P. 23 class action on behalf of the proposed Minnesota Class;

d)   At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel pursuant to FED. R. CIV. P. 23;

e) An order designating Plaintiff Deborah Wallis as the Named Plaintiff and as representative of the Wisconsin Class set forth herein;

f) An order designating Plaintiff Tianna Neal as the Named Plaintiff and as representative of the Minnesota Class as set forth herein;

g) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

h) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of Wisconsin's wage laws and their applicable regulations and enjoining Customer Traac and CSS from further violations of Wisconsin's wage laws;

i) Issuance of an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, declaring Defendants' actions as described in the Complaint as unlawful and in violation of Minnesota's wage laws and their applicable regulations and enjoining Customer Traac and CSS from further violations of Minnesota's wage laws;

j) An Order finding that Defendants violated the FLSA, Wisconsin wage and hour laws, and Minnesota's wage and hour laws;

k) An Order finding that these violations are willful and/or dilatory and unjust;

l) Judgement against Defendants in the amount equal to the Plaintiffs', the FLSA Collective Class', the Wisconsin Class', and the Minnesota Class' unpaid wages at the applicable agreed-upon wage and/or overtime premium rates;

m) An award in the amount of all liquidated damages and/or civil penalties as provided under Wisconsin Law, Minnesota Law, and the FLSA;

n) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims;

o)  To the extent that civil penalties and/or liquidated damages are not awarded, an Award of pre-judgment and post-judgement interest; and

p)  Such further relief as the Court deems just and equitable.

Dated this 29th day of April 2020.

Respectfully submitted,

HAWKS QUINDEL S.C.
Attorneys for Plaintiffs

By:   s/ *Summer H. Murshid*

Summer H. Murshid, SBN 1075404
Timothy P. Maynard, SBN 1080953
Larry A. Johnson, SBN 1056619

Hawks Quindel, S.C.
222 East Erie Street, Suite 210
PO Box 442
Milwaukee, WI 53201-0442
Telephone: 414-271-8650
Fax: 414-271-8442
Email:       smurshid@hq-law.com
             tmaynard@hq-law.com
             ljohnson@hq-law.com