UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**DEBORAH WALLIS,** *et al.*
**individually and on behalf of**
**all others similarly situated,**
   **Plaintiffs,**

   CASE NO. 21-cv-00290

 v.

**OZ MANAGEMENT GROUP,**
**INC., d/b/a Customer Contact**
**Service, Inc.,** *et al.*
   **Defendants.**

### JOINT FED. R. CIV. P. 26(f) REPORT

  Plaintiffs Deborah Wallis and Tianna Neal ("Plaintiffs") and Defendants Oz Management Group, Inc. d/b/a Customer Contact Service, Inc. and Dorthey Armstrong ("Defendants") (Plaintiffs and Defendants collectively referend to herein as the "Parties"), by their undersigned counsel and pursuant to FED. R. CIV. P. 26(f), hereby submit the following Joint Fed. R. Civ. P. 26(f) Discovery Plan. Counsel for Plaintiffs and Defendants participated in a telephone conference on and discussed the matters set forth in FED R. CIV. P. 26(f).

  1. The Court has set a Fed. R. Civ. P. 16(b) telephonic scheduling conference for April 20 at 1:00 PM.

  2. Pursuant this Court's order regarding this scheduling conference, counsel for Plaintiffs has set a conference call in number for the hearing:

  Conference number: (262) 439-4466

Conference ID 035434, followed by #.

3. <u>Subject Matter Jurisdiction and Venue</u>: The Parties agree that this Court has subject matter jurisdiction and that the proper venue for adjudication of this matter is in the Western District of Wisconsin.

4. <u>Nature of the Case</u>: Plaintiffs have brought claims under the Fair Labor Standards Act ("FLSA"), Wisconsin wage and hour law, and Minnesota wage and hour law, in order to recover unpaid overtime and agreed-upon wages resulting from Defendants alleged policy of failing to pay for breaks less than thirty minutes in length. Defendants deny that any violation of the FLSA, Wisconsin law, or Minnesota law occurred.

5. <u>Material factual and Legal Issues for Trail</u>: At trial, the Court will determine:

    a. Whether Defendants were an employer under state and federal law;

    b. Whether Plaintiffs were employees under state and federal law;

    c. Whether Defendants had a practice of deducting breaks that were less thirty minutes in length;

    d. Whether Defendants willfully violated the FLSA; and

    e. The amount and extent of damages, if any.

6. <u>Amendments to Pleadings and Additional Parties</u>: The Parties do not anticipate any further amendments to the pleadings. Plaintiffs anticipate the adding of Opt-In Plaintiffs along with the certification of state law class actions.

7. <u>Contemplated Motions:</u> In addition to the motion for conditional certification already filed with the Court, Plaintiffs anticipate filing a motion for class certification. Additionally, the Parties anticipate filing motions for summary judgment.

8. <u>Preserving Discoverable Information:</u> The Parties have and will preserve discoverable information including all records containing the information as set forth in subsection b. of Paragraph 6 below.

9. <u>Discovery Plan:</u> The Parties have conferred in good faith and agreed to the following discovery plan:

    a. <u>Rule 26(a)(1) Disclosures:</u> The Parties will exchange FED R. CIV. P. 26(a)(1) disclosures by the date indicated below. Counsel will supplement their initial disclosures pursuant to FED. R. CIV. P. 26.

    b. <u>Possible Subjects of Discovery:</u> Subjects on which discovery may be needed, subject to objection, include but are not limited to the following:

        i. Records reflecting hours of work performed by Plaintiffs and number of weeks worked by Plaintiffs since April 29, 2018;

        ii. Records reflecting the number of hours for which Plaintiffs received compensation from Defendants since April 29, 2018;

        iii. Records reflecting Plaintiffs' compensation paid by Defendants since April 29, 2018;

iv. Records reflecting Defendants' policies, procedures, and practices applicable to Plaintiffs at any time since April 29, 2018;

v. Parties' records of interactions with the Wisconsin Department of Workforce Development – Labor Standards Bureau, Minnesota Department of Labor and Industry, any other similar state agency, and U.S. Department of Labor pertaining to compliance with the laws concerning FLSA and/or state wage and hour laws;

vi. Records reflecting Defendants' actions taken to comply with the requirements of the FLSA and Wisconsin wage and hour laws;

vii. Records reflecting Defendants' method of calculating Plaintiffs' pay since April 29, 2018;

viii. Records reflecting Defendants' overtime pay practices and compensation practices applicable to Plaintiffs since April 29, 2018;

ix. Records reflecting Defendants' practice in scheduling hours of work for Plaintiffs since April 29, 2018;

x. Records reflecting Plaintiffs' job duties and responsibilities since April 29, 2018;

      xi. Records reflecting complaints made to Defendants by Plaintiffs about Defendants' pay practices and/or time recording practices; and

      xii. Any additional subjects that may arise during the course of this litigation.

c. <u>Conducting Discovery</u>: The Parties do not believe discovery needs to be conducted in phases or limited.

d. <u>Discovery Disputes</u>: At this time, the Parties have not identified any disputes. The Parties agree that they will meet and confer on any discovery disputes prior to bringing the matter before the Court.

e. <u>Electronically Stored Information</u>: The Parties have conferred regarding the reasonable accessibility of and burden of discovery of electronically stored information and agree that ESI may be requested, subject to objection, pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence. If a requesting party requests ESI in any other format (i.e. .xlsx) and the producing Party cannot produce the ESI in that requested format, the Parties shall meet and confer on the form of the production prior to the deadline for production and in a manner not to delay the production. The Parties will take all necessary steps to preserve ESI from alteration or destruction. The Parties do not anticipate any further issues regarding the discovery of ESI at this

point in time. If any disputes arise with regard to ESI, the Parties will meet and confer prior to bringing any matter before the Court.

f. Claims of Privilege/Protection of Trial-Preparation Materials: The Parties agree to comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure with respect to claiming privilege or protecting trial-preparation materials. The Parties agree that the Party asserting a claim of privilege or protection of trial-preparation materials must submit a privilege log to the opposing Party contemporaneously with discovery responses and production. The Parties do not anticipate the need for a separate Federal Rule of Evidence 502(d) order providing for certain protections where attorney/client privileged information is inadvertently produced in discovery at this time. The parties have reached an agreement for asserting post-production claims of privilege or of protection as trial-preparation material. The Parties agree to standard clawback provisions, under which a party that has inadvertently produced privileged or protected documents will notify the other party immediately upon discovery that such information was inadvertently produced. The opposing party, upon receiving such notice, agrees to immediately return such inadvertently produced documents or other information, and to destroy any copies in its possession. This agreement does not preclude the Parties from challenging the assertion of privilege or trial-preparation protection to

     any documents or information inadvertently produced. The Parties do not anticipate any issues with the post-production claims of privilege or protection as trial-preparation material.

  g. <u>Confidentiality</u>: The Parties agree and have filed a motion for Protective Order (ECF No. 30).

  h. <u>Location of Depositions</u>: The Parties agree to confer in good faith to determine the location and method of depositions in light of the pandemic.

10. <u>Possibility of Prompt Settlement/Mediation</u>: The Parties have discussed the possibility of settlement and are currently engaging in settlement discussions.

11. <u>Proposed Scheduling Order</u>: The Parties propose the following scheduling order:

| | |
|---|---|
| May 6, 2022 | Initial Disclosures Due |
| October 7, 2022 | Plaintiffs' Motion for Class Certification and Defendants' Motion to Decertify a Certified Collective Action |
| November 18, 2022 | Plaintiffs' Expert Disclosures |
| December 1, 2022 | Defendants' Expert Disclosures |
| January 5, 2023 | Dispositive Motions |
| April 21, 2023 | Close of Discovery |

  12.   <u>Length of Trial</u>: The Parties estimate that the trial will take approximately one week.

13. <u>Electronic Service</u>: The Parties confirm that the documents filed through the Court's ECF system are served by ECF notification. The Parties also consent that service by electronic means shall be allowed as set forth in FED.R.CIV.P. 5(b)(2)(E) and that such service shall be complete upon transmission, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

14. This case is not included in one of the categories exempted from initial disclosures and discovery conference.

Dated this 19th day of April.

| Respectfully submitted, | Respectfully Submitted, |
|---|---|
| <u>s/Patrick F. Moran</u><br>Patrick F. Moran<br><br>**Gordon Rees Scully Mansukhani, LLP**<br>One North Franklin Street, Suite 800<br>Chicago, Illinois<br>Telephone: (312) 565-1400<br>Fax: (312) 565-6511<br>E-Mail: pmoran@grsm.com<br><br>Attorney for Defendants Oz Management Group, Inc. d/b/a Customer Contact Services, Inc and Dorthey Armstrong | <u>s/Larry A. Johnson</u><br>Larry A. Johnson<br>WI Bar No. 1056619<br>Summer Murshid<br>WI Bar No. 1075404<br>Timothy Maynard<br>WI Bar No. 1080953<br><br>**Hawks Quindel, S.C.**<br>222 East Erie, Suite 210<br>P.O. Box 442<br>Milwaukee, WI 53201-0442<br>Telephone: 414-271-8650<br>Fax: 414-271-8442<br>E-mail: ljohnson@hq-law.com<br>　　　　smurshid@hq-law.com<br>　　　　tmaynard@hq-law.com<br><br>Attorneys for Plaintiffs |