IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DEBORAH WALLIS and TIANNA NEAL, individually
and on behalf of all others similarly situated,

                Plaintiffs,

v.                                                             OPINION and ORDER

OZ MANAGEMENT GROUP, INC., d.b.a                        21-cv-290-jdp
CUSTOMER CONTACT SERVICE INC., and
DOROTHY ARMSTRONG,

                Defendants.

---

This is a proposed class and collective action for unpaid wages under the Fair Labor Standards Act and state law. The court conditionally certified a collective in a previous order but stayed notice to the collective at the parties' request while they finalized a settlement. Now the parties move to certify a class under Federal Rule of Civil Procedure 23, modify the collective, preliminarily approve their settlement, and send notice to the class and collective. Dkt. 83; Dkt. 85; Dkt. 86. The court will deny the motion without prejudice to allow the parties to address several concerns.

First, the numbers in the proposed settlement agreement don't add up. The total settlement fund is $275,000, which the settlement agreement divides up as follows: $150,496.22 for members of the collectives, $7,848.38 for members of the class, a total of $6,000 for the named plaintiffs as incentive awards, $91,666.67 for attorney fees, $17,260 for administration fees, and $4,344.86 for costs. But these numbers add up to more than $277,000, so they exceed the settlement fund. The parties will have to resolve the discrepancy.

Second, the scope of the FLSA collective is significantly broader than the proposed class. Specifically, the collective includes employees who worked for both defendants as early as April

2018, but the proposed class is limited to employees who worked for Oz from September 1, 2020, to March 31, 2022. There is no rule that requires a class and collective to have the same scope, but they are often substantially the same unless there is a difference between federal and state and law. The parties don't identify such a difference in this case, so they should explain why the definitions of the class and collectives are different.

Third, the settlement agreement appears to be based on an assumption that 100 percent of potential collective members will opt in to the collective and no potential class members will opt out. The court did not locate a provision in the agreement that explains what will happen to an employee's share of the settlement if an employee doesn't become a member of the class or collective. Will the funds be redistributed to the remaining members of the collective and class? Or will the unclaimed amount revert to defendants? This is a significant issue because there are 608 potential members of the collective and only 44 members of the proposed class, and it is often the case that a substantial number of employees do not opt in to the collective. So the parties should clarify how the shares of excluded class and collective members will be redistributed.

Fourth, it isn't clear how the parties allocated damages for employees who are members of both the class and the collective. The parties provided the following explanation in a declaration:

> 54. Each member of the Wisconsin Class will have their pro-rata shares split between the FLSA Settlement Fund and the Wisconsin Settlement Fund on a 5/7ths vs. 3/7ths basis, respectively.
>
> 55. This split is necessary because of the different procedural mechanisms available for joining a Rule 23 class action as compared to a 29 U.S.C. § 216(b) collective action. The members' legal claims under the FLSA and Wisconsin law result in the same potential damages, other than the potential for liquidated

2

> damages (100% of the unpaid wages) and civil penalties (50% of the unpaid wages) at different rates.

Dkt. 87. But this doesn't explain how the parties came up with their "5/7ths vs. 3/7ths" division between the state and federal claims, or why they chose a division that adds up to 8/7ths. More detail regarding the parties' reasoning is necessary.

Fifth, the court has concerns about the proposed plan for notice to the class. The settlement agreement states that the method of notice will be first-class U.S. Mail. The agreement doesn't say where the addresses will come from, but presumably it will be the addresses that defendants have on file. The first problem is that the settlement agreement is unclear regarding what the class administrator will do if a notice is returned as undeliverable. The notice states only that the administrator will take "appropriate steps" to identify an alternative address. Dkt. 90, V.B.2. The parties should identify more specifically what those steps are.

A related question is whether supplemental notice is needed. The collectives include employees who may have left their employment as far back as 2018, which suggests that a significant number of addresses will not be valid. The parties should address the question whether a supplemental email notice is appropriate, at least for employees who cannot be reached by mail. The court approved plaintiffs' request for defendants to provide employee email addresses, Dkt. 74, so that information should already be available.

ORDER

IT IS ORDERED that the motion for preliminary approval of the settlement, Dkt. 83, the motion to certify the class under Rule 23, Dkt. 85, and the motion to amend the collective,

3

Dkt. 86, are DENIED without prejudice. The parties may have until January 19, 2023, to file renewed motions that address the concerns identified in this order.

Entered January 5, 2023.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge