IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

**DEBORAH WALLIS
and TIANNA NEAL**,
individually and on behalf of
all other similarly situated
　　　　　Plaintiffs,

v.

**OZ MANAGEMENT GROUP, INC., d/b/a
CUSTOMER CONTACT SERVICE INC.
and DOROTHY ARMSTRONG**,
　　　　　Defendants.

Case No. 21-CV-290-JDP

# RENEWED JOINT MOTION FOR PRELIMINARY APPROVAL OF RULE 23 CLASS AND COLLECTIVE ACTION SETTLEMENT

The Parties filed three motions seeking preliminary approval of their settlement agreement – 1) Stipulated Motion for Preliminary Approval of Rule 23 and 29 U.S.C. § 216(b) Settlement Agreement (Dkt. 83); 2) Stipulated Motion to Certify Rule 23 Class (Dkt. 85); and 3) Stipulated Motion to Amend the Certified Collective Classes Pursuant to 29 U.S.C. § 216(b) (Dkt. No. 86), along with supporting documents (Dkt. Nos. 83-90) (collectively the "Settlement Approval Motions"). On January 5, 2023, the Court denied the Settlement Approval Motions without prejudice in an order seeking clarification and additional information from the Parties as to several issues associated with the Parties' settlement agreement. (Dkt. No. 91.) The Parties respectfully renew the Settlement Approval Motions and

provide the Court with the following responsive information to its inquiries identified in its January 5, 2023, Opinion and Order.[1]

## I. The Court's inquiries regarding the Parties mathematical error and the allocation of the funds into the Wisconsin Settlement Fund and the FLSA Settlement Fund.

The Court's first and fourth inquiries are the result of an error in the Parties' allocation of the settlement fund between the Wisconsin Settlement Fund and the FLSA Settlement Fund. (Johnson Decl., Dkt. No. 93, ¶ 2; Moran Decl., Dkt. No. 94, ¶ 2.) First, the Court rightfully questions why the numbers simply do not add up. (Dkt. No. 91, at 1.) In splitting the Rule 23 Class Members' pro rata portion of the settlement fund between the Wisconsin Settlement Fund and the FLSA Settlement Fund, the Parties multiplied each Rule 23 Class Members' share by $5/7^{ths}$, which was in error. (Johnson Decl., Dkt. No. 93, ¶ 3; Moran Decl., Dkt. No. 94, ¶ 3.) This had the effect of slightly inflating the Rule 23 Class Members' share beyond the pro rata share agreed to and calculated. (Johnson Decl., Dkt. No. 93, ¶ 4; Moran Decl., Dkt. No. 94, ¶ 4.) The pro rata share should have been multiplied by $4/7^{ths}$ rather than $5/7^{ths}$. (Johnson Decl., Dkt. No. 93, ¶ 5; Moran Decl., Dkt. No. 94, ¶ 5.) This error has been corrected in the Revised Allocation which brings the FLSA Settlement Fund amount to $147,880.09. (Dkt. No. 92-2.) Taken together, the Settlement Fund is made up of the following components which correctly total $275,000:

---

[1] Unless otherwise noted herein, the Parties renew the Settlement Approval Motions utilizing the same documents previously filed with the Court.

| | |
|---|---|
| Wisconsin Settlement Fund | $7,848.38 |
| FLSA Settlement Fund | $147,880.09 |
| Attorneys' Fees | $91,666.67 |
| Costs | $4,344.86 |
| Service Payments | $6,000.00 |
| Administration Costs | $17,260.00 |
| **Total** | **$275,000.00** |

The Parties have filed, contemporaneously with this renewed motion, an Addendum to the Parties' Settlement Agreement and Release (Dkt. No. 92-1) and Revised Allocation with the corrected dollar amounts. (Dkt. No. 92-2.)

Second, the Court inquired as to the manner in which the Rule 23 Class Members' share of the settlement fund were allocated between the Wisconsin Settlement Fund and the FLSA Settlement Fund.[2] (Dkt. 91, at 2.) Under the FLSA, an employee is entitled to their unpaid wages and an equal amount in liquidated damages. 29 U.S.C. § 216(b). Under Wisconsin law, an employee is entitled to their unpaid wages plus up to 50% of their unpaid wages in civil penalties. Wis. Stat. § 109.11(2)(a). In this matter, there was symmetry between unpaid wage damages under both he FLSA and Wisconsin law. (Johnson Decl., Dkt. No. 93, ¶ 6; Moran Decl., Dkt. No. 94, ¶ 6.) When allocating the settlement funds between Wisconsin law and the FLSA for purposes of the settlement, the allocation must factor in the difference between civil penalties under Wisconsin law and liquidated damages under the FLSA. (Johnson Decl., Dkt. No. 93, ¶ 7; Moran Decl., Dkt. No. 94, ¶ 7.) To

---

[2] The Settlement Agreement provides for two funds to account for the differing mechanisms by which FLSA claims and Wisconsin law claims can be released (i.e., affirmatively opting into the FLSA settlement as opposed to affirmatively opting out of the Wisconsin law settlement).

do so, where a putative member is a member of both the Collective Classes Class and the Rule 23 Class, their portion of the settlement fund is split 3/7ths allocated to the Wisconsin fund and 4/7ths to the FLSA fund. (Johnson Decl., Dkt. No. 93, ¶ 8; Moran Decl., Dkt. No. 94, ¶ 8.)

As an example, if a putative member has $400 in unpaid wages, that $400 would be split evenly between the FLSA fund and the Rule 23 fund. That putative member would also have liquidated damages in the amount of an additional $400 in the FLSA fund, but only an additional $200 in civil penalties in the Rule 23 Fund. In total, this putative member would have $800 allocated to the FLSA Fund and $600 allocated to the Rule 23 Fund, for a total allocation of $1,400. That $1,400 is spilt 4/7ths in the FLSA fund and 3/7ths in the Rule 23 Fund.

## II. The Court's inquiries regarding the difference in the size between FLSA and Rule 23 Classes.

The Court next inquired as to the reason that the FLSA collective is significantly larger than the proposed Rule 23 Class. (Dkt. No. 91, at 1.) Every putative member is a member of one or more of the Collective Classes; the inverse is not true as to membership in the Rule 23 Class. (Johnson Decl., Dkt. No. 93, ¶ 9; Moran Decl., Dkt. No. 94, ¶ 9.) The Rule 23 Class is limited to those individuals who worked in Wisconsin as the Rule 23 claims are based only on alleged violations of Wisconsin law. (Dkt. No. 90, at 6; Johnson Decl., Dkt. No. 93, ¶ 10; Moran Decl., Dkt. No. 94, ¶ 10.) The majority of the members of the Collective Classes did not work in Wisconsin, do not have claims under Wisconsin law, and therefore are not

members of the Rule 23 Class. (Johnson Decl., Dkt. No. 93, ¶ 11; Moran Decl., Dkt. No. 94, ¶ 11.)

### III. The Court's inquiries regarding what will happen with unclaimed funds.

The Court inquired what will happen to an employee's share of the settlement fund if that putative member does not become a member of the collective class or the Rule 23 class. (Dkt. No. 91, at 2.) While the Parties are hopeful that all members of the collective who receive notice will participate by opting in, the Settlement Agreement explains what happens if they do not participate. First, Section V(C)(3) of the Settlement Agreement provides if a putative member of the Collective Classes does not return a consent to join form, the funds allocated to that individual will revert to Defendants and importantly, Defendants will not receive a release of that individual's FLSA claim. (Dkt. 90, at 11.) Second, Section V(C)(2) of the Settlement Agreement provides any portion of the Wisconsin Settlement Fund that remains undeliverable, is returned to the Claims Administration, or is otherwise uncashed for any reason after 120 days from payment will be sent to the designated cy pres recipient. (Dkt. 90, at 11.) Therefore, any funds allocated to the Wisconsin Settlement Fund for someone who excludes themselves from the Rule 23 class will be sent to the cy pres recipient. (Johnson Decl., Dkt. No. 93, ¶ 12; Moran Decl., Dkt. No. 94, ¶ 12.) Because the Notice in this matter will indicate dollar amounts that the putative members will receive if they opt-in, the Parties believe this settlement will result in a higher opt-in rate than a notice of a collective action

at the first step of the two-step conditional certification process that is not tied to a settlement. (Johnson Decl., Dkt. No. 93, ¶ 13; Moran Decl., Dkt. No. 94, ¶ 13.)

## IV. The Court's inquiries regarding the notice process.

Finally, the Court raises three questions with regard to the proposed notice process. First, although the Settlement Agreement is silent on the issue, Defendants will produce a class list from its personnel records which will include the last known mailing address and social security numbers for the Claims Administrator to use in locating putative members. (Johnson Decl., Dkt. No. 93, ¶ 14; Moran Decl., Dkt. No. 94, ¶ 14.)

Second, prior to the initial mailing of the notices, the Claims Administrator has indicated that it will process and update the addresses on the class list utilizing the National Change of Address Database ("NCOA") maintained by the U.S. Postal Service. (Johnson Decl., Dkt. No. 93, ¶ 15; Moran Decl., Dkt. No. 94, ¶ 15.) The NCOA contains requested changes of address filed with the U.S. Postal Service. (Johnson Decl., Dkt. No. 93, ¶ 16; Moran Decl., Dkt. No. 94, ¶ 16.) In the event that any individual had filed a U.S. Postal Service change of address request, the address listed with the NCOA would be utilized in connection with the mailing of the Class Notice. (Johnson Decl., Dkt. No. 93, ¶ 17; Moran Decl., Dkt. No. 94, ¶ 17.) Additionally, when a notice is returned undeliverable, the Claims Administrator will also use the members' name, last known address, and Social Security number to perform a trace to locate a new address and if such an address is found, the notice will be re-mailed. (Johnson Decl., Dkt. No. 93, ¶ 18; Moran Decl., Dkt. No. 94, ¶ 18.) For those notices that are returned with a forwarding address attached, those

notices are also re-mailed to the forwarding address. (Johnson Decl., Dkt. No. 93, ¶ 19; Moran Decl., Dkt. No. 94, ¶ 19.)

Third, Defendants did not maintain e-mail addresses for the putative members. (Moran Decl., Dkt. No. 94, ¶ 20.) For this reason, the Parties are unable to send the notice by email in additional to mailing via USPS. (Johnson Decl., Dkt. No. 93, ¶ 20; Moran Decl., Dkt. No. 94, ¶ 21.)

## V.     Conclusion.

For the reasons stated herein, along with those provided in the Parties' moving brief and other papers, the Parties respectfully request the Court approve this renewed motion for preliminary approval of Rule 23 class and collective action Settlement, along with their renewed motions for class and collective treatment.

Dated this 19th day of January, 2023.

| Respectfully submitted, | Respectfully Submitted, |
|---|---|
| *s/PATRICK MORAN* <br> Patrick F. Moran | *s/LARRY JOHNSON* <br> Larry A. Johnson <br> WI Bar No. 1056619 |
| **Gordon Rees Scully Mansukhani, LLP** <br> One North Franklin Street <br> Suite 800 <br> Chicago, Illinois <br> Telephone:   (312) 565-1400 <br> Fax:             (312) 565-6511 <br> E-Mail:        pmoran@grsm.com | Summer Murshid <br> WI Bar No. 1075404 <br> Timothy Maynard <br> WI Bar No. 1080953 <br><br> **Hawks Quindel, S.C.** <br> 5150 N. Port Washington Road, Suite 243 <br> Milwaukee, WI  53201-0442 <br> Telephone:   (414) 271-8650 <br> Fax:             (414) 271-8442 <br> E-mail:         ljohnson@hq-law.com <br>                     smurshid@hq-law.com <br>                     tmaynard@hq-law.com |
| Attorney for Defendants Oz Management Group, Inc. d/b/a Customer Contact Services, Inc and Dorothey Armstrong | Attorneys for Plaintiffs |

Case: 3:21-cv-00290-jdp   Document #: 92   Filed: 01/19/23   Page 8 of 8